UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANE R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-796-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing certain medical opinions and in discounting her own testimony and that of lay witnesses. (Dkt. # 8 at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1969, has a college degree and additional aviation training, and has worked as a customer service representative and bookkeeper. AR at 361, 380-84. At the time of the 2018 administrative hearing, Plaintiff was working as an administrative assistant at her church. *Id.* at 102-06.

1    In August 2013, Plaintiff applied for benefits, alleging disability as of January 24, 2012.

2    AR at 308-14. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

3    requested a hearing. *Id.* at 173-75, 180-86. After the ALJ conducted a hearing in February 2015

4    (*id*. at 52-95), the ALJ issued a decision finding Plaintiff disabled through January 2, 2015, but

5    not disabled thereafter. *Id.* at 140-52.

6    The Appeals Council granted Plaintiff's request for review, vacated the ALJ's partially

7    favorable decision, and remanded the case for a new hearing and new decision. AR at 158-61.

8    Plaintiff subsequently entered a request to withdraw a hearing request, intending to reinstate the

9    ALJ's original partially favorable decision. *Id*. at 243, 459-60. The ALJ granted that request and

10   dismissed her appeal, which resulted in the decision denying Plaintiff's application on

11   reconsideration remaining in effect. *Id*. at 166. Plaintiff then again requested Appeals Council

12   review, asking for the ALJ's dismissal to be vacated and that she be allowed to withdraw her first

13   request for review. *Id*. at 461-62. The Appeals Council granted Plaintiff's request to vacate the

14   dismissal but denied her request to withdraw her first request for review, and remanded the case

15   for a new hearing and new decision. *Id*. at 168-69.

16   The ALJ held another hearing on April 10, 2018 (AR at 96-111), and subsequently

17   entered a decision finding that Plaintiff was not disabled during any time period. *Id*. at 15-31.

18   Specifically, utilizing the five-step disability evaluation process,[1] the ALJ found:

19       Step one: Plaintiff has not engaged in substantial gainful activity since January 24, 2012,
         the alleged onset date.[2]
20
         Step two: Plaintiff's status post resection meningioma, organic brain syndrome, anxiety
21       disorder, and depressive disorder are severe impairments.

22

23   [1] 20 C.F.R. § 404.1520.
     [2] The step-one findings appear to be incomplete, trailing off mid-sentence. AR at 18.

ORDER - 2

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity: Plaintiff can perform work at all exertional levels, with the following non-exertional limitations: she can understand, remember, and carry out simple instructions. She can make judgments commensurate with the functions of unskilled work (i.e., work that needs little or no judgment to do simple duties, and work that can usually be learned in 30 days with little specific vocational preparation and judgment). She can respond appropriately to supervisors and co-workers, but can have only occasional exposure to or interaction with the general public. She can tolerate occasional changes in the workplace.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

*Id*. at 15-31.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.    The ALJ Erred in Assessing the Medical Opinion Evidence

Plaintiff argues that the ALJ erred in crediting two opinions but failing to account for all of the limitations mentioned therein. The Court will address each disputed opinion in turn.

#### 1.    Legal Standards

At step four, the ALJ must identify the claimant's functional limitations or restrictions, and assess the claimant's work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945. RFC is the most a claimant can do considering his or her limitations or restrictions. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996). An RFC assessment must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). If a medical opinion conflicts with the ALJ's RFC assessment, the ALJ must explain why the opinion was not fully adopted. *See* SSR 96-8p, 1996 WL 374184, at *7.

#### 2.    Jeffrey Shaw, Psy.D.

Dr. Shaw examined Plaintiff in September 2012 to assess *inter alia* Plaintiff's ability to

return to work after her surgery, which had taken place in January 2012. AR at 519-30. Dr. Shaw recommended that Plaintiff plan for a gradual return to work, starting in January 2013 with approximately two hours of work per day, maximizing the amount of time of work from home (to avoid commuting and workplace noise). *Id*. at 524. Dr. Shaw indicated that Plaintiff could increase her hours thereafter as she became able to tolerate more. *Id*. at 525. Dr. Shaw noted that Plaintiff's "primary limiting factor is persisting fatigue, which is an expected outcome of the surgery. The fatigue will continue to be a significant factor and may take many more months to fully resolve." *Id*. at 525.

The ALJ gave "significant weight" to Dr. Shaw's opinion, noting that he indicated that Plaintiff "was capable of beginning a gradual return to work[.]" AR at 28. The ALJ interpreted Dr. Shaw's opinion to be "consistent with objective testing indicating normal cognitive functioning, and the claimant's ability to return to full work activity." *Id*.

The Court agrees with Plaintiff (dkt. # 8 at 8) that the ALJ overstated Dr. Shaw's opinion by characterizing it as "consistent with . . . the claimant's ability to return to full work activity" because Dr. Shaw did not opine that Plaintiff was able to return to full work activity. *Compare* AR at 28 *with id*. at 519-25. Instead, Dr. Shaw opined that Plaintiff was capable of working two hours per day beginning in January 2013 and could increase that amount as she felt able. *Id*. at 525. Dr. Shaw also opined that Plaintiff would be the most reliable gauge of how much work she can tolerate each day. (*Id*.) Although Dr. Shaw's opinion could be reasonably read to contemplate a full return to work at some point in the future, Dr. Shaw did not indicate when that would be and this opinion does not support the ALJ's conclusion that Plaintiff was able to "sustain regular and continuous work" throughout the adjudicated period. *Id*. at 29. The ALJ's description of Dr. Shaw's opinion misstates the extent of the limitations he described, and the

RFC does not account for the indefinite limitations he placed on Plaintiff's ability to work. Because Dr. Shaw's opinion is inconsistent with the RFC and the ALJ failed to provide any reason to discount it, the Court finds error in the ALJ's assessment of Dr. Shaw's opinion.

### 3.  *State Agency Consultant*

The ALJ gave significant weight to the opinion of Edward Beatty, Psy.D., who reviewed Plaintiff's record for the State agency. AR at 29, 124-35. The ALJ specifically mentioned Dr. Beatty's opinion that Plaintiff would "do best in a quiet environment, in casual one-on-one interactions with supervisors, coworkers and the general public." *Id*. at 133. The ALJ stated that this opinion was generally consistent with the evidence. *Id*. at 29. The ALJ failed, however, to include any noise restrictions in the RFC assessment. *Id*. at 21.

The jobs identified at step five all involve a "moderate" level of noise. AR at 31 (citing Dictionary of Occupational Titles ("DOT") 319.677-014, DOT 317.687-010, DOT 361.685-018). Dr. Beatty's opinion is stated somewhat equivocally, but to the extent that it could be read as imposing a limitation on the amount of noise Plaintiff can endure in a workplace, this limitation was not included in the RFC assessment and it may be inconsistent with the DOT definitions of the step-five jobs.

### 4.  *Remedy*

Although Plaintiff requests a remand for a finding of disability through August 31, 2016, the Court finds this remedy to be inappropriate because even if the opinions of Drs. Shaw and Beatty were entirely credited, they would not necessarily indicate that Plaintiff was unable to perform substantial gainful activity through that date: Dr. Shaw's opinion supports disability for

some period of time, but not necessarily through August 31, 2016.[4] As the ALJ himself

acknowledged during the 2015 hearing, "there's clearly evidence to support a period of

disability." AR at 55. Although the latest date on which the disability could have ceased is

August 31, 2016, as Plaintiff concedes, the Court finds that administrative proceedings are

necessary to determine the extent of the period of disability. Because administrative proceedings

would serve a useful purpose, the Court declines to remand this case for a finding of disability.

*See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).

**B.      The ALJ Erred in Discounting Plaintiff's Subjective Testimony and the Lay
Statements Regarding Plaintiff's Fatigue**

Plaintiff alleged that she experienced significant fatigue that required her to nap during

the day, precluding full-time work. AR at 25. The ALJ discounted these allegations as (1)

inconsistent with treatment notes describing Plaintiff as awake and alert; (2) inconsistent with

Plaintiff's reports that her fatigue was improving, to the point she could work four days per week

by June 2017; (3) inconsistent with reports of her difficulty falling asleep; (4) inconsistent with

her examination results showing normal cognition; and (5) inconsistent with her self-reported

daily activities, which included grocery shopping, going to coffee, attending her children's

sporting events, hiking, and daily exercise. *Id*. at 25-26. As to the period before September 1,

2016 (the day on which Plaintiff concedes she became not disabled), Plaintiff contends that the

ALJ's reasoning is not clear and convincing, as required in the Ninth Circuit. *See Burrell v.

Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

---

[4] Likewise, Plaintiff's subjective allegations suggest that her fatigue improved over time, but not that it
evaporated entirely on August 31, 2016. In fact, at the 2018 administrative hearing, Plaintiff described
workplace fatigue limitations continuing beyond September 2016. AR at 106. Thus, there appears to be a
lack of clarity as to the extent of the limitations Plaintiff alleges, and the ALJ can resolve that discrepancy
on remand.

1    Plaintiff contends that, as to the ALJ's first reason, the evidence cited by the ALJ does

2    not contradict her allegations, because the fact that she was awake during doctor's appointments

3    does not contradict her allegations of limitations caused by fatigue. (Dkt. # 8 at 11.) As to the

4    ALJ's second and fifth reasons, Plaintiff contends that the ALJ failed to cite reports or activities

5    that contradict her allegations of disabling fatigue before September 2016, because the ALJ

6    focused on reports and activities that post-date the period during which she alleges disability.

7    (*Id.*) As to the ALJ's third reason, Plaintiff claims that the ALJ's references to her reports of

8    trouble sleeping does not contradict her allegations of fatigue. (Dkt. # 8 as 12.) Finally, as to the

9    ALJ's fourth reason, Plaintiff notes that she does not allege that her fatigue caused cognition

10   problems, but instead alleges that her fatigue caused her to require rest breaks, and thus the

11   ALJ's reference to her normal cognition does not contradict her allegations. (*Id.*)

12   The Court agrees with Plaintiff that the ALJ generally relied on evidence that does not

13   directly contradict Plaintiff's specific allegations of fatigue before September 2016. It may have

14   been reasonable (as argued by the Commissioner (dkt. # 11 at 9)) to interpret Plaintiff's reports

15   of insomnia as the explanation for some of her fatigue rather than her impairments, but this

16   reason fails to undermine the full extent of Plaintiff's fatigue allegations and the remaining

17   reasons do not rely on actual inconsistencies between the record and Plaintiff's allegations.

18   On remand, the ALJ must reconsider Plaintiff's fatigue allegations. Because the ALJ

19   relied on the same erroneous reasons to discount the lay witnesses' statements (AR at 368-79,

20   422-24, 473-497) regarding Plaintiff's fatigue (*id.* at 29), the ALJ must also reconsider those

21   statements on remand.

22

23

# V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reassess the opinions of Drs. Shaw and Beatty, as well as the fatigue allegations described by Plaintiff and the lay witnesses. The ALJ should determine the extent of the period of disability, which Plaintiff concedes ends no later than August 31, 2016.

Dated this 19th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 9